# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RAY CURTIS GREENLAW,**

    **Plaintiff,**

vs.                          Case No. 4:18cv46-RH/CAS

**STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on January 18, 2018, by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2.  Plaintiff is currently incarcerated at Columbia Correctional Institution, and although his complaint names the State of Florida as the intended Defendant, ECF No. 1 at 1, review of the body of his complaint reveals that Plaintiff is complaining about the actions of state court officials in the Seventh Judicial Circuit Court for the State of Florida.  Plaintiff alleges that he was not provided requested documents and his constitutional rights have been violated.  *Id.* at 8.

The Seventh Judicial Circuit Court of Florida serves Flagler, Putnam, St. Johns, and Volusia Counties, and the events about which Plaintiff complains occurred there. None of those counties are within the territorial jurisdiction of this Court.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). Accordingly, because the events at issue and all parties to this litigation are located in the Middle District, the more appropriate forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue sua sponte. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion

an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

It is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including ruling on Plaintiff's pending in forma pauperis motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv46-RH/CAS